IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MELVIN D. BRYANT,**

        Petitioner,

        v.                          CASE NO. 13-3153-SAC

**STATE OF KANSAS,**

        Respondent.

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed by Mr. Bryant upon forms for filing pursuant to 28 U.S.C. § 2241 "by a person in federal custody." The filing fee has been paid. Having examined the materials filed, the court requires petitioner to show cause why this action should not be dismissed for the reasons discussed herein, including that he was not "in custody" at the time this action was filed.

## FACTUAL BACKGROUND

Petitioner alleges the following facts in his petition. The "conviction or sentence under attack" was entered in Johnson County District Court, where he was convicted by a jury of one count securities fraud in Case No. 03-CR-7803. He was sentenced to "17 months $50,000." His appeal claiming ineffective assistance of counsel was "rejected" in 2010 (Appellate Case No. 105836). Opinions of the Kansas Court of Appeals (KCA) involving Bryant's

1

state conviction and sentence provide more information. In 2005, Mr. Bryant was convicted upon trial by jury in the District Court of Johnson County, Kansas, of securities fraud and sentenced to 24 months in prison. *See Bryant v. State*, 279 P.3d 739, 2012 WL 2476985, *1 (Kan.App. June 22, 2012), *rev. denied*, (Kan. Aug. 29, 2013). He appealed, and the KCA affirmed his conviction, but reversed his sentence and remanded for resentencing. *Id.* (citing *State v. Bryant*, 40 Kan.App.2d 308, 191 P.3d 350 (Kan.App. Sept. 5, 2008), *rev. den*ied (Kan. Feb. 11, 2009)). He was resentenced in July 2009 to 17 months' imprisonment, and his "second sentencing appeal was voluntarily dismissed." *Id.* Petitioner thereafter filed a state post-conviction motion pursuant to K.S.A. 60-1507, claiming ineffective assistance of trial and appellate counsel. *Id.* A full evidentiary hearing was held; and on June 9, 2010, the district court issued an opinion denying Bryant's motion. *Id.* at *1-*2. The denial was affirmed by the KCA and the Kansas Supreme Court denied review on August 29, 2013.

**DISCUSSION**

Nothing in the petition indicates that Mr. Bryant is properly proceeding under 28 U.S.C. § 2241.[1] The sole federal remedy for a petitioner to attack his state court conviction or sentence is a

---

1    Mr. Bryant has utilized outdated forms.  He is not asserting a Rule 35 motion or attacking a state detainer, and he is not a person in federal custody as indicated on the form he has submitted.  Nor is he challenging the execution of his sentence.

2

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Erlandson v. Northglenn Municipal Court*, 528 F.3d 785, 787 (10th Cir. 2008), *cert. denied*, 555 U.S. 1112 (2009). However, whether this petition is viewed as one under § 2241 or § 2254, it fails for the reason that Mr. Bryant was not "in custody" at the time it was filed. It is well established that "[t]he 'in custody' language of § 2254 is jurisdictional."[2] *Id.* at 788; *Kirby v. Janecka*, 379 Fed.Appx. 781, 782-783 (10th Cir. 2010)(unpublished)[3](citing 28 U.S.C. § 2254 as "providing that a 'court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*'"); *see also Triplet v. Franklin*, 365 Fed.Appx. 86 (10th Cir. 2010)(unpublished); *McCormick v. Kline*, 572 F.3d 841, 847-848 (10th Cir. 2009)("Section 2254's in custody requirement is jurisdictional"). The statutory language has been interpreted by the Supreme Court "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989);

---

[2] Similarly, the court has jurisdiction to entertain an application for habeas corpus relief under 28 U.S.C. § 2241 only by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)(quotation marks omitted).

[3] Unpublished opinions are cited herein for persuasive reasoning and not as controlling precedent.

3

*Kirby*, 379 Fed.Appx. at 782-783 ("Section 2254 authorizes federal courts to review habeas petitions only if" the "petitioner raise(s) his claims while he is in custody."); *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir.)(explaining that a petitioner satisfies the status portion of the custody requirement if he is in custody "at the time the habeas action is filed")), *cert. denied*, 558 U.S. 1095 (2009). It does not appear from the address given or any allegations in the petition that Mr. Bryant was in either state or federal custody at the time he filed the instant habeas petition. It is the petitioner's burden to establish that the custody requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

In addition, Mr. Bryant utterly fails to state any grounds for federal habeas corpus relief. He left blank all spaces in his form petition where he was to set forth the grounds for his claim or claims and the facts in support. In order to obtain habeas corpus review in federal court of a state court conviction or sentence, the petitioner is required to file a federal habeas petition in which he sets forth grounds for relief that are based upon a federal constitutional violation together with facts in support of each ground. Along with his petition containing no grounds, Mr. Bryant has submitted a "Notice of Appeal" informing this court that he intends to appeal the judgment in *Bryant v. Kansas*, Appellate Case

No. 11-105836-A, District Court Case No. 09 CV 10404.[4] It thus appears that Mr. Bryant mistakenly believes he can obtain federal court review of his unsuccessful state post-conviction proceedings, or his underlying state conviction or sentence, by simply filing a "Notice of Appeal" in this court. This court is not an appellate court, so petitioner's Notice of Appeal is an inappropriate and inadequate way to obtain review in this court.[5]

Petitioner has also filed a Motion for Extension of Time to Perfect Appeal (Doc. 3), which includes a request for appointment of counsel, and a Motion for Stay of Execution (Doc. 4) "of fees and restitution" pending the outcome of "petitioner's appeal." No factual or legal basis is presented to support either of these motions, and they are denied. Petitioner is not entitled to appointment of counsel at this juncture since a hearing has not been ordered and it appears that the court is without jurisdiction. Accordingly, this request is denied as well.

---

4   Other than his form petition, all of petitioner's pleadings are erroneously encaptioned "IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF KANSAS." This court, which is the United States District Court for the District of Kansas, is the trial court in the federal court system. The federal system is separate from the state court system. The state appellate courts are the Kansas Court of Appeals and ultimately the Kansas Supreme Court. Review may also be sought in the United States Supreme Court.

5   Petitioner does not seek relief under 42 U.S.C. § 1983. However, even if his petition could be construed to assert such a cause of action, it would likewise be subject to dismissal. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986)("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court. Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

Finally, the court notes that petitioner does not specify what relief he seeks in his petition. Given his Motion for Stay of Execution, it could be that he seeks to challenge the validity of the state sentencing court's "fees and restitution" order. However, a claim regarding "the payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes." *Erlandson*, 528 F.3d at 788 (citing *Obado v. New Jersey*, 328 F.3d 716, 717-18 (3rd Cir. 2003)(holding that payment of a fine or restitution to be made by a petitioner after he completed his state prison sentence did not satisfy the custody requirement of the federal habeas corpus statute))(other citations omitted); *Nichols v. Utah*, 315 Fed.Appx. 740, 743 n. 3 (10th Cir. 2009)(unpublished)(the repayment of restitution was not the sort of significant restraint contemplated in the custody requirement of § 2254). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

Mr. Bryant is given time to show cause why this action should not be dismissed for the reasons stated herein. If he fails to show good cause within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Extension of Time to Perfect Appeal (Doc. 3), request for appointment of counsel

6

(Doc. 3), and Motion for Stay of Execution pending appeal (Doc. 4) are denied.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show good cause why this action should not be dismissed for the reasons stated herein including lack of jurisdiction and failure to state a claim for relief.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**