IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MELVIN D. BRYANT,**

                Petitioner,

      v.                                CASE NO.  13-3153-SAC

**STATE OF KANSAS,**

                Respondent.

**MEMORANDUM AND ORDER**

Upon screening this pro se petition for writ of habeas corpus the court entered a Memorandum and Order (SCRNORD) requiring Mr. Bryant to show good cause why this action should not be dismissed for the reasons stated therein "including lack of jurisdiction and failure to state a claim for relief." Mr. Bryant was warned that if he failed to show good cause within the prescribed time, this action could be dismissed without further notice. Petitioner has filed a Response (Doc. 6). Having considered all materials in the file together with the relevant legal authority, the court concludes that petitioner has failed to show good cause why this action should not be dismissed for either failure to satisfy the "in custody" requirement or failure to state a claim.

**FACTUAL BACKGROUND**

The factual background set forth in the SCRNORD is

1

summarized here. In 2005, Mr. Bryant was convicted by a jury in the Johnson County District Court of securities fraud and sentenced to 24 months in prison. *See Bryant v. State*, 279 P.3d 739, 2012 WL 2476985, *1 (Kan.App. June 22, 2012), *rev. denied*, (Kan. Aug. 29, 2013). He appealed, and the Kansas Court of Appeals (KCA) affirmed his conviction, but reversed his sentence and remanded for resentencing. *Id.* (citing *State v. Bryant*, 40 Kan.App.2d 308, 191 P.3d 350 (Kan.App. Sept. 5, 2008), *rev. den*ied (Kan. Feb. 11, 2009)). He was resentenced in July 2009 to 17 months' imprisonment, and his "second sentencing appeal was voluntarily dismissed."[1] *Id.* Petitioner thereafter filed a state post-conviction motion pursuant to K.S.A. 60-1507, claiming ineffective assistance of trial and appellate counsel. *Id.* A full evidentiary hearing was held; and on June 9, 2010, the district court denied Bryant's motion. *Id.* at *1-*2. The denial was affirmed by the KCA, and the Kansas Supreme Court denied review on August 29, 2013. The instant federal habeas petition, which Mr. Bryant agrees should be treated as one brought under 28 U.S.C. § 2254, was timely filed on September 13, 2013.

**THE "IN CUSTODY" REQUIREMENT**

---

[1] In the petition, Mr. Bryant describes his sentence as "17 month $50,000."

2

The court held in the SCRNORD that "whether this petition is viewed as one under § 2241 or § 2254, it fails for the reason that Mr. Bryant was not 'in custody' at the time it was filed." Mr. Bryant was advised that the language of § 2254 "has been interpreted by the Supreme Court 'as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Kirby v. Janecka*, 379 Fed.Appx. 781, 782-783 (10th Cir. 2010)(unpublished)[2]("Section 2254 authorizes federal courts to review habeas petitions only if" the "petitioner raise(s) his claims while he is in custody."); *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir.)(explaining that a petitioner satisfies the status portion of the custody requirement if he is in custody "at the time the habeas action is filed"), *cert. denied*, 558 U.S. 1095 (2009). Petitioner was further advised that "[t]he 'in custody' language of § 2254 is jurisdictional," and the burden is on him to establish that the custody requirement is satisfied. *Erlandson v. Northglenn Municipal Court*, 528 F.3d 785, 788 (10th Cir. 2008), *cert. denied*, 555 U.S. 1112 (2009)(the "in custody" requirement is jurisdictional in nature); *McCormick v. Kline*, 572 F.3d 841, 847-848 (10th Cir. 2009)("Section 2254's in

---

[2] Unpublished opinions are cited herein for persuasive reasoning and not as controlling precedent.

3

custody requirement is jurisdictional"); *Kirby*, 379 Fed.Appx. at 782-783; *see also Triplet v. Franklin*, 365 Fed.Appx. 86 (10th Cir. 2010)(unpublished); *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). Petitioner was also informed that "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes.'" *Erlandson*, 528 F.3d at 788 (citations omitted); *Nichols v. Utah*, 315 Fed.Appx. 740, 743 n. 3 (10th Cir. 2009)(unpublished); see also *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

In his Response, petitioner does not allege facts establishing that he was in custody at the time he filed this petition. Instead, he makes arguments that various alleged circumstances either nullify or satisfy the custody requirement. First, petitioner claims that he is subject to a "restraint of liberty" other than physical custody. As support, he alleges that he "cannot challenge the wrongful conviction until after" he pays restitution and that he cannot afford and should not have to pay restitution. Based on these allegations, he argues that:

> the payment of restitution as an impossible burden and

4

>condition precedent to the challenge of a wrongful conviction could be construed a restraint of liberty and, as such, a constitutional violation of a right to due process.

He cites K.S.A. 21-4169,[3] which has been recodified as K.S.A. 21-6614 and amended several times. He states that he is challenging this burdensome requirement as well as the restitution.

K.S.A. 21-4169 and K.S.A. 21-6614 basically permit expungement of certain convictions under circumstances enumerated therein, which may include expiration of a number of years after the offender has served the sentence imposed or was discharged from parole.[4] Petitioner provides no legal authority holding that he is prohibited from either challenging his conviction or seeking expungement until he has paid restitution. He refers to no language whatsoever in the state expungement statute. Nor does he make any attempt to explain how this lengthy statute prohibits him from challenging an allegedly wrongful conviction until he has paid restitution. In any

---

[3] The Kansas Court of Appeals held that K.S.A. 21-6614a(d) "contains no clear language indicating the legislature intended the statute to apply retrospectively" and thus it applies only prospectively so that Coker had a "right to seek expungement as that right existed when he was convicted." *State v. Coker*, 304 P.3d 363, *5 (Kan.App. 2013). Petitioner has alleged no facts and cites no particular statutory language suggesting that it matters which version of the expungement statute applies to him.

[4] The current statute provides that in order for the state court to consider expungement, it must find that "no proceeding involving any such crime is presently pending." K.S.A. 21-4619(e)(1). Petitioner does not cite this language and make his argument based upon it or any other statutory language.

5

event, petitioner's vague assertion of an impediment to seeking expungement is not a challenge to his conviction based on a federal constitutional violation and is not grounds for federal habeas corpus relief. Furthermore, petitioner's assertion that he is unable to challenge his "wrongful conviction" due to his inability to pay restitution is irreconcilable with the procedural history of this case showing that Mr. Bryant was permitted to and did challenge his conviction on numerous grounds on direct appeal as well as in state post-conviction proceedings.

Petitioner next argues that the term "in custody" is "very elastic," "does not necessarily mean actual physical detention," and "is synonymous with restraint of liberty."[5] However, he fails to explain how these "formulaic recitations" entitle him to relief in light of the holding of the Tenth Circuit in *Erlandson* cited herein and in the SCRNORD that, "[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes.'" Petitioner's suggestion that his "framing of the issue" amounts to the "more" exception in this holding is supported by no facts or legal authority and is simply illogical.

---

[5] As legal authority, petitioner cites Black's Dictionary and a 1970 case from the District of Wisconsin, which is not controlling authority in this court and was decided long before the controlling authorities cited in the court's SCRNORD. Petitioner's legal authority is not convincing.

6

Finally, petitioner alleges that he is also "challenging a wrongful conviction and imprisonment" and implies that this somehow allows him to bypass the "in custody" requirement. However, federal habeas corpus petitions are challenges to wrongful convictions and/or imprisonment, and it is precisely such challenges that are subject to the "in custody" requirement. This argument, like the last, is not grounded in fact or law and is illogical.

The court concludes that Mr. Bryant has not met his burden of showing that he was "in custody" at the time he filed this action, and that as a result this action must be dismissed for lack of jurisdiction.

**FAILURE TO STATE A CLAIM**

Even if petitioner had satisfied the "in custody" requirement, he still fails to present grounds for federal habeas corpus relief. This court found in the SCRNORD that Mr. Bryant "utterly fails to state any grounds for federal habeas corpus relief" in his federal form petition because he "left blank all spaces" for grounds and supporting facts as well as for relief sought.

In his Response, petitioner makes no attempt to set forth his grounds for habeas relief together with facts in support. He alleges in his Response that an attorney representing him

"told the court after (petitioner's) conviction that he had in his possession at trial evidence that, if presented, would have been sufficient to justify an acquittal," but "for reasons unrelated to (petitioner's) case, chose not to present it to the court."  Petitioner does not present these vague allegations as grounds for this federal petition but as part of his argument of being denied due process in connection with restitution.  He does not present any of the claims that he raised on direct appeal or in post-conviction proceedings as grounds in this petition.[6]

Even if the petition and Response could be read as presenting some ground for federal habeas corpus relief, this court lacks jurisdiction to consider challenges to Mr. Bryant's state conviction or sentencing, including any restitution order, because he does not satisfy the "in custody" requirement.

**SECOND REQUEST FOR COUNSEL**

Petitioner imbeds a second request for appointment of counsel in his Response.  As he was previously advised, a federal habeas petitioner is not entitled to appointment of counsel when a hearing has not been ordered.  Clearly, appointment of counsel is not warranted where the court is

---

[6] If petitioner is trying to challenge his attorney's failure to present some exculpatory evidence or the restitution order, it is not at all apparent from the record that he exhausted state court remedies on such claims.

8

without jurisdiction to consider the claim. This request is denied.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The court concludes that a certificate of appealability should not issue in this case. Nothing suggests that the court's rulings resulting in the dismissal of this action for lack of jurisdiction or failure to state a claim are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's second request for appointment of counsel imbedded in his Response (Doc. 6) is denied.

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus, 28 U.S.C. § 2254, is denied, without prejudice, for lack of jurisdiction and/or for failure to state a claim.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2014, at Topeka, Kansas.

s/Sam A. Crow
**U. S. Senior District Judge**